IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL RAY ROUSE,<br><br>    Petitioner,<br><br>  v.<br><br>R. AYERS, JR., Warden,<br><br>    Respondent._____/ | No. C 08-02426 SBA (PR)<br><br>**ORDER DENYING STAY PENDING ISSUANCE OF MANDATE IN HAYWARD v. MARSHALL; SETTING NEW BRIEFING SCHEDULE** |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings. The Court issued an order to show cause.

On May 16, 2008, the Ninth Circuit granted en banc review in Hayward v. Marshall. 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, No. 06-55392, slip op. 5923 (9th Cir. May 16, 2008). The issues in Hayward include whether: (1) the district court must issue a Certificate of Appealability for the Ninth Circuit to have appellate jurisdiction; (2) prisoners have a constitutionally protected liberty interest in parole; and (3) if a liberty interest is created, what process is due under clearly established Supreme Court authority. (Hayward Resp't Brief at 1.)

Before the Court is Respondent's motion to stay proceedings until the mandate in Hayward is issued.

Habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000). "A long stay . . . threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." Id.

Oral argument was heard in Hayward on June 24, 2008. Subsequently, on July 10, 2008, Ninth Circuit Chief Judge Alex Kozinski directed the parties to file supplemental briefing by July 18, 2008 in light of "the Court's decision to rehear this case en banc pursuant to Circuit Rule 35-3, and the discussion and apparent non-objection of the parties at oral argument that [the Court] should vacate and defer submission pending the California Supreme Court's decisions in In re Lawrence, No. S154018 (Cal. argued June 4, 2008), and In re Shaputis, No. S155872 (Cal. argued June 4, 2008) . . . ." (Hayward July 10, 2008 Order at 1.) On August 21, 2008, the California Supreme Court issued decisions in In re Lawrence and In re Shaputis. Recently, the Ninth Circuit directed the appellant in Hayward to file supplemental briefing by October 8, 2008 addressing the application of these two California Supreme Court decisions to Hayward. The appellee in Hayward was directed to file a reply brief by October 29, 2008. In light of the procedural posture of the Hayward appeal, the Court finds that the estimated time frame for the Ninth Circuit's issuance of a mandate in Hayward is too indefinite to warrant a stay of the proceedings in this matter.

Accordingly, the request for a stay is hereby DENIED.

No later than **December 29, 2008**, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the

motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: 9/30/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Rouse2426.denySTAY(Hayward).wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL RAY ROUSE,<br><br>        Plaintiff,<br><br>v.<br><br>R. AYERS JR. et al,<br><br>        Defendant. | Case Number: CV08-02426 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nathaniel Ray Rouse C-03721
California State Prison - San Quentin
San Quentin, CA 94974

Dated: October 1, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Rouse2426.denySTAY(Hayward).wpd    4